# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NAKIA FENNER, #24181-050 | : |
| | : CIVIL ACTION NO. JFM-06-1902 |
| v. | : |
| | : |
| UNITED STATES OF AMERICA | : |
| | : |

..oOo..

## MEMORANDUM

Pending is a pro se motion filed by Nakia Fenner, a federal prisoner incarcerated at FCI-Cumberland, Maryland, who is challenging his payment of court-ordered fines through the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP).[1] Petitioner requests placement on "exempt status" from participation in the IFRP. The motion, construed pursuant to 28 U.S.C. §2241 as a petition for federal habeas relief, will be dismissed without prejudice.

Although this motion is captioned "Pro Se Ex Parte Special Motion to Proceed with Order for Placement on Temp Exempt Status from IFRP Contracts Pursuant 0t [sic] 18 U.S.C. §3664(k), 18 U.S.C. §3624(e) with Agreement to Adhere to Installment Schedule With Mitigating Factors that Make Exhaustion of Admid [sic] Remedies Futile," plaintiff is in fact challenging the execution of his sentence. As such, it is appropriately considered pursuant to 28 U.S.C. §2241. *See e.g. United States v. Miller,* 871 F.2d 488, 490 (4th Cir.1989); *Hernandez v. Campbell*, 204 F.3d 861, 864 (7th Cir. 2000) (noting that petitions brought pursuant to 28 U.S.C.

---

[1] Petitioner was sentenced in the United States District Court for the District of New Jersey to 87 months imprisonment after he was convicted of conspiracy to distribute narcotics. *See United States v, Fenner*, Criminal Action 05-01-583 (D. NJ). To the extent petitioner intends to challenge the imposition of a fine against him, his claim should be presented in a 28 U.S.C. § 2255 Motion to Vacate, Correct or Set Aside filed in the federal district court in which he was sentenced.

§2241 challenge the manner, location or conditions of the execution of a sentence); *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir.1998); *see also Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not petitioner's label which determines the status of the pleading).

This court recently had occasion to explain to petitioner that administrative remedies available from the Bureau of Prisons (BOP) must be exhausted before petitioning for writ of habeas corpus pursuant to §2241. *See Fenner v. United States*, Civil Action No. JFM-06-1902 (D. Md. June 6, 2006). In the instant pleading, petitioner acknowledges that he is currently pursuing available administrative remedies, but requests a temporary exemption from the IFRP while he avails himself of BOP remedies. Paper No. 1 at 1-2. Petitioner does not proffer any basis to suggest the administrative process is either futile, inadequate or otherwise unavailable. As it is clear that there is no administrative exhaustion here, the petition will be dismissed without prejudice so that petitioner may refile his claims after completing the administrative process. [2]

Further, to the extent petitioner may be seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, he must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant will not be harmed if the requested relief is granted; (iii) the likelihood of success on the merits; and (iv) the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). Although the court has accorded this pro se pleading liberal construction, *see Haines v. Kerner* 404 U.S. 519, 520 (1972), petitioner has failed to provide

---

[2] On June 6, 2006, the court directed the Clerk to mail petitioner a 28 U.S.C. § 2241 form in the event he intends to refile for habeas relief at a later date.

any reasons why injunctive relief is warranted here.[3]

      For the above reasons, the petition will be dismissed without prejudice. A separate Order follows.


August 8, 2006                                   /s/
Date                                             J. Frederick Motz
                                                   United States District Judge

---

[3] There is ample case precedent for the proposition that BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine. *See McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999); *Montano-Figueroa v. Crabtree,* 162 F.3d 548, 549-50 (9th Cir.1998). The IFRP has uniformly been upheld against constitutional due process challenges. *See Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990); *James v. Quinlan*, 866 F.2d 627, 629 (3rd Cir. 1989); *United States v. Callan*, 96 F. Appx. 299, 301 (6th Cir. 2004)(noting that the authority that exists supports the IFRP against general, and due process, challenges). The Fourth Circuit has consistently upheld the propriety of collecting fines and special assessments through the IFRP. *See, e.g., United States v. Espinoza-Cartagena*, 23 Fed. Appx. 187 (4th Cir. 2002) (unpublished); *United States v. Walker*, 83 F.3d 94 (4th Cir. 1996); *United States v. Francisco*, 35 F. 3d 116, 122 (4th Cir. 1994).